UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSALIND BLAIR, Personal Representative
for the Estate of Marquis Blair, Deceased,

                Plaintiff,                No. 08-CV-15090-DT

vs.                                        Hon. Gerald E. Rosen

WAYNE COUNTY DEPUTY
SHERIFF GREGORY HARRIS and
COUNTY OF WAYNE,

                Defendants.
_____/

ORDER REVERSING MAGISTRATE JUDGE'S ORDER DENYING
WAYNE COUNTY'S EMERGENCY MOTION TO QUASH DEPOSITION

           At a session of said Court, held in
          the U.S. Courthouse, Detroit, Michigan
          on       February 10, 2010

          PRESENT: Honorable Gerald E. Rosen
                         Chief Judge, United States District Court

INTRODUCTION

     This Section 1983 action is presently before the Court on Defendant Wayne County's Objections to the Magistrate Judge's January 27, 2010 Order denying the County's Motion to Quash the Deposition of Gregory Harris. Having reviewed the Magistrate Judge's Order, Defendant's Objections thereto, the underlying motions and the Court's entire file of this matter, the Court finds that the record sufficiently presents the parties' respective positions and oral argument would not substantially enhance this

1

record.

## FACTUAL AND PROCEDURAL BACKGROUND

Marquise Blair was fatally shot on August 5, 2007 by an off-duty Wayne County Deputy Sheriff, Defendant Gregory Harris, after Harris caught him attempting to steal his van which had been parked in front of the Harris residence in Detroit. Plaintiff Rosalind Blair, Marquise Blair's mother and the personal representative of his estate, commenced this Section 1983 action on December 9, 2008 against Defendant Harris, individually, and the County of Wayne under a *Monell* theory of liability.

Defendant Harris never answered Plaintiff's Complaint[1] and Plaintiff obtained a Clerk's Entry of Default against him on May 19, 2009. The case thereafter proceeded against Wayne County. On June 8, 2009, the Court conducted a scheduling conference during which it dismissed Defendant's May 1, 2009 pre-discovery Motion for Summary Judgment, without prejudice, and entered a Scheduling Order setting October 31, 2009 as the discovery cut-off and November 30, 2009 as the dispositive motion cut-off. Plaintiff never sought any extension of discovery or any other deadlines during these six months.

In accordance with the Court's Scheduling Order, after discovery had closed, on November 30, 2009, Wayne County filed its second Motion for Summary Judgment. Plaintiff's response was due on December 21, 2009. However that date passed with no

---

[1] Wayne County is not representing or indemnifying Harris in this litigation. The County takes the position that it is not responsible for Harris's private, off-duty conduct that has no connection to his employment as a deputy working at the Wayne County Jail.

response having been filed. On December 28, 2009, Defendant stipulated to granting Plaintiff an extension of time to file her response and on January 5, 2010, Plaintiff's Response to Defendant's Motion for Summary Judgment was filed.

In her Response, Plaintiff stated that she needed the deposition testimony of Defendant Harris to establish that there are issues of fact as to whether Harris's use of deadly force on August 5, 2007 was justified. She stated that at the time of her Response she was "trying to serve Defendant Harris with a subpoena for his deposition" and appended to her Response a Fed. R. Civ. P. 56(f) affidavit of her attorney. Also attached to her Response was a notice of the subpoena for the deposition of Gregory Harris to take place on January 11, 2010. Plaintiff asked that the Court deny summary judgment based on the Rule 56(f) affidavit until such time as Defendant Harris complied with the subpoena and she was able to take his deposition.

## WAYNE COUNTY'S MOTION TO QUASH

On January 11, 2010, Wayne County filed an emergency motion to quash Harris's deposition. The County pointed out the gross untimeliness of the subpoena inasmuch as discovery had closed two and a half months earlier, Plaintiff had made no attempt to depose Harris during the discovery period, two dispositive motions had already been filed, and Plaintiff failed to provide any basis or exception that would permit a deposition after the close of discovery when a summary judgment motion was pending.

On January 14, 2010, Plaintiff filed a response to the motion to quash stating that the issue was now moot because Mr. Harris had voluntarily appeared for his deposition as

3

scheduled on January 11 but stated he only appeared in order to comply with the subpoena; he declined to offer any factual or substantive testimony because he was without counsel. According to Plaintiff, Harris also indicated that he would seek counsel immediately and would notify the Court and Plaintiff's counsel when he secured legal representation.

Because Plaintiff reiterated her position that Harris's testimony was necessary and critical to her case, Defendant Wayne County took Plaintiff's assertion to mean that Plaintiff would attempt to proceed at some later date with Harris's deposition. Therefore, the County was not willing to abandon its Motion to Quash based on Plaintiff's January 14, 2010 description of the issue being moot. Accordingly, the hearing on the motion to quash before the magistrate judge to whom this matter had been referred went forward as scheduled.

## THE MAGISTRATE JUDGE'S RULING

Notwithstanding the discovery cut-off date, Plaintiff's failure to move for an extension of discovery and failure to depose or notice Defendant Harris's deposition during the discovery period, on January 27, 2010, Magistrate Judge Komives denied Wayne County's Motion to Quash. The Magistrate Judge held

> Although Defendant Wayne County's position is well-taken, on balance plaintiff's desire to depose Harris, as supported by plaintiff's counsel's January 5, 2010 affidavit (Doc. Ent. 24-9 [sic; 24-8]), qualifies for a continuance for the purpose of taking Harris's deposition as set forth in Fed. R. Civ. P. 56(f)(2) [which provides "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may. . . order a continuance to enable

> affidavits to be obtained, depositions to be taken, or other discovery to be undertaken[.]"] However, plaintiff must take Harris's deposition or obtain his affidavit by the end of February 2010. Furthermore, plaintiff's counsel must seek leave from Judge Rosen if he wishes to supplement plaintiff's papers [in opposition] to defendant Wayne Count's November 30, 2009 second dispositive motion.

1/27/2010 Order Denying Motion to Quash [Dkt. # 29].

Defendant Wayne County has filed Objections to Magistrate Judge Paul J. Komives' January 27, 2010 Order and asks this Court to reverse the magistrate judge's ruling. Defendant's Objections are well-taken.

## DISCUSSION

The Magistrate Judge based his ruling upon the Rule 56(f) affidavit Plaintiff filed with her response to Defendant's motion for summary judgment. It is well-settled that a party seeking to derive the benefit of Rule 56(f) must demonstrate due diligence both in conducting discovery before the emergence of the summary judgment motion and in pursuing an extension of time once the motion has surfaced. *Resolution Trust Corp. v. N. Bridge Assocs., Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994). "Rule 56(f) is not a substitute for diligently pursuing discovery." *Schaffer ex rel. Schaffer v. A.O. Smith Harvestore Prods.*, 74 F.3d 722, 732 (6th Cir. 1996). In order to rely upon a Rule 56(f) affidavit, the party must show why the information has not been previously discovered. *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 426 (6th Cir. 2009). In other words, he must demonstrate why this discovery had not been or could not have been obtained earlier. *Mir-Yepez v. Banco Popular de Puerto Rico*, 560 F.3d 14, 16 (1st Cir. 2009); *Everson v.*

*Leis*, 556 F.3d. 484, 493 (6th Cir. 2009); *see also Dowling v. The Cleveland Clinic*, ___ F.3d ___, No. 09-3159 (6th Cir., Feb. 3, 2010), ("The overarching inquiry . . . is whether the moving party was diligent in pursuing discovery.") Plaintiff here has failed to meet this burden.

Plaintiff failed to diligently conduct discovery according to this Court's Scheduling Order -- she never sought to depose Harris during discovery and never sought an extension of discovery in order to do so. Instead, she waited until after a second summary judgment motion was filed and only then asserted a need for Harris's deposition hoping at that late date to find some evidence which would create an issue of fact to withstand the Defendant's motion.

Although Plaintiff attempts to argue that Harris's failure to answer the complaint provided a reasonable basis to conclude that he would not appear for a deposition, Plaintiff never attempted during the discovery period to find out whether he would appear even though he had been defaulted. The Court finds it significant to note that the first time that Plaintiff attempted to secure Harris's deposition -- on January 11, 2010 -- two and a half months after the close of discovery and more than a month after Defendant Wayne County filed its second motion for summary judgment -- Harris, in fact, did appear.[2] Under these circumstances, Plaintiff has forfeited any possible complaints about

---

[2] Had Plaintiff timely subpoenaed Harris during the discovery period, she could have moved the Court for an order compelling his testimony if he refused then as he did on January 11 to provide any substantive factual testimony.

her inability to take Deputy Harris's deposition prior to the close of discovery.

Having failed to diligently pursue discovery of Harris's testimony during the period allowed for discovery, the Court concludes that Plaintiff may not now derive the benefit of her counsel's Rule 15(f) affidavit. Therefore, the Court finds that the Magistrate Judge erred in denying Defendant Wayne County's motion to quash.

## CONCLUSION

For these reasons,

IT IS HEREBY ORDERED that the Magistrate Judge's Order of January 27, 2010 is REVERSED.  Accordingly,

IT IS FURTHER ORDERED that Defendant Wayne County's Motion to Quash the Deposition of Gregory Harris is GRANTED.

s/Gerald E. Rosen
Gerald E. Rosen
Chief Judge, U.S. District Court

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 10, 2010, by electronic and/or ordinary mail.

                                    s/Ruth A. Brissaud
                                    Case Manager
                                    (313) 234-5137